UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MEYER and ANA VARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:23-cv-00396-W-MMP<br><br>**ORDER RESETTING MANDATORY SETTLEMENT CONFERENCE** |

Due to a conflict in the Court's calendar, the Mandatory Settlement Conference ("MSC") scheduled for July 10, 2024, [ECF No. 17], is **RESET** for **July 17, 2024** at **9:30 a.m.** before the Honorable Michelle M. Pettit, United States Magistrate Judge. The MSC will be held **via videoconference**[1] unless the parties request an in-person conference.[2] **The**

---

[1] The procedures for Zoom are set forth in Appendix A to this Order.

[2] Magistrate Judge Pettit will hold the conference in person at the parties' request. **Within seven days of the date of this Order**, the parties shall meet and confer to determine if an in-person conference would be productive in this matter. If either party wants to proceed in person, counsel for that party shall submit the request to appear for the settlement

1

**Court requires all parties, party representatives, including claims adjusters for insured parties, and the primary attorney(s) responsible for the litigation to appear at the conference.³**

  The following are mandatory guidelines for the parties preparing for the MSC:

  1. No later **June 26, 2024**, Plaintiff must serve on Defendant a written settlement proposal, which must include a specific demand amount. Defendant must respond to the Plaintiff <u>in writing</u> with a specific offer amount prior to the meet and confer discussion required below. The parties shall not file or copy the Court on these exchanges.

  2. No later than **July 3, 2024**, counsel for the parties must meet and confer in person or via videoconference to discuss at least the following:

   a. Who will attend the MSC on behalf of each party, including counsel, client representatives with full authority to make final decisions regarding any settlement offer, and any insurance representatives;

   b. Identification of any persons or entities, such as a board of directors, who must approve a proposed settlement agreement, as well as the nature and duration of any approval process; and

   c. Insurance coverage available to cover all or part of the claimed losses or to fund all or part of any party's defense, and the status of any tenders for coverage.

---

conference in person via email (efile_Pettit@casd.uscourts.gov) with counsel for all parties copied.

³ Lead trial counsel shall appear at the MSC with the parties. Any party who is not a natural person shall be represented by the person(s) with <u>full authority</u> to negotiate a settlement. An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage. Limited authority (*i.e.*, authority up to a specific dollar amount) is not full authority. A person who needs to call another person who is not present before agreeing to any settlement does not have full authority. Personal attendance of a party is mandatory and will only be excused upon a written request that is timely under the circumstances and demonstrates extraordinary hardship.

3. No later than **July 8, 2024**, each party must submit a MSC Statement (not to exceed ten pages) that will be exchanged with the other parties. Each party may also submit an optional Confidential Settlement Letter (not to exceed five pages) that will be for the Court's review only. Both the MSC Statement and the Confidential Letter (if one is submitted) shall be lodged (not filed) with the Court via email (efile_Pettit@casd.uscourts.gov). Exhibits are limited to twenty (20) pages absent express permission from the Court in advance of the statement submission deadline.

4. The MSC Statement must be served on opposing counsel and include at least the following:

   a. A brief statement of the facts of the case;
   b. A brief statement of the claims and defenses, including the statutory or other grounds upon which the claims are founded, and a candid evaluation of the parties' likelihood of prevailing on claims and defenses; and any major issues in dispute;
   c. A statement of facts not reasonably in dispute;
   d. A list of the key facts in dispute and the specific evidence relevant to a determination of those facts;
   e. Any discrete issue that, if resolved, would facilitate the resolution of the case;
   f. A brief statement of the issues of law with respect to liability and damages. The statement must be supported by legal authority, but extended legal argument is not necessary;
   g. A statement of the relief sought, including an itemization of damages and any other non-monetary relief. If a class is alleged, the number of putative class members and any other information relevant to settlement discussions (*e.g.*, number of pay periods, etc.); and
   h. Except to the extent prohibited by applicable rules of privilege, a summary of any prior settlement negotiations, including the settlement

proposals exchanged pursuant to paragraph 1 above.

5. In addition the information listed above, if a party seeks attorney fees and costs, that party shall provide the legal basis for the claim and sufficient information to evaluate the amount of fees claimed.

6. No later than **July 8, 2024**, counsel for each party shall send an email to the Court (efile_Pettit@casd.uscourts.gov) containing the following:

    a. The name and title of each participant, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b. The name and cell phone number for that party's preferred point of contact for the Court to use during the MSC to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

7. In certain cases, the Court may elect to hold a telephonic conference with counsel to prepare for the MSC. These telephonic conferences are confidential to the same extent as the MSC.

**All participants shall display the same level of professionalism and be prepared to devote their full attention to the settlement conference as if they were attending in person,** *i.e.*, **cannot be driving or in a car while speaking to the Court. All participants shall appear and conduct themselves as if it is proceeding in a courtroom, including by dressing in appropriate courtroom attire.**

**IT IS SO ORDERED.**

Dated: November 8, 2023

Honorable Michelle M. Pettit
United States Magistrate Judge

**Appendix A – Zoom Videoconference Procedures**

1. The Court will use its official Zoom video conferencing account to hold the settlement conference. The Zoom software is available for download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance.[4] There is a cost-free option for creating a Zoom account.

2. Prior to the start of the conference, the Court will e-mail counsel the meeting login information required to join the Zoom video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. All participants will be placed in a waiting room until the conference begins.

3. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the conference to ensure that it begins promptly.

4. Zoom's functionalities will allow the Court to conduct the conference as it ordinarily would conduct an in-person settlement conference.[5] That is, the Court will begin the conference with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls "Breakout Rooms." In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will

---

[4] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

[5] **Each participant is expected to have a functioning camera**. In the event a participant will not have access to a functioning camera, counsel or the party if representing themselves must notify the Court immediately to make other arrangements, such as appearing in person for the conference, to ensure the Court can conduct the conference as it ordinarily would conduct an in-person settlement conference.

also allow parties and counsel to communicate confidentially without the Court.

Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

All participants shall display the same level of professionalism and be prepared to devote their full attention to the settlement conference as if they were attending in person, *i.e.*, cannot be driving or in a car while speaking to the Court. All participants shall appear and conduct themselves as if it is proceeding in a courtroom, including by dressing in appropriate courtroom attire.